UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON D. EARLS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-14256** |
| **JEFF LANDRY** | **SECTION: "E"(5)** |

## REPORT AND RECOMMENDATION

This matter was referred to the undersigned United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2). For the following reasons, **IT IS RECOMMENDED** that the petition for *habeas corpus* relief be **DISMISSED WITH PREJUDICE** as untimely.

## Procedural History

Petitioner, Brandon Earls, is a convicted inmate currently incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. In December 2009, he was charged by grand-jury indictment with second-degree murder.[1] On November 10, 2011, a jury found him guilty as charged.[2] On December 12, 2011, his motion for new trial was denied and he

---

[1] State Rec., Vol. 1 of 6, Grand Jury Indictment.

[2] State Rec., Vol. 1 of 6, Minute Entry, 11/10/11; *see also* Jury Verdict.

was sentenced to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence.[3]

On direct appeal, Earls asserted that there was insufficient evidence to support his conviction for second-degree murder; the trial court erred in refusing to suppress his statement; and the trial court erred by not allowing the jury to hear evidence of the victim's bad character. On December 11, 2012, the Louisiana Fifth Circuit Court of Appeal affirmed the conviction and sentence.[4] On September 20, 2013, the Louisiana Supreme Court denied his application for a writ of certiorari.[5]

On September 15, 2014, Earls filed a counseled application for post-conviction relief with the state district court.[6] In that application, he asserted that trial counsel was ineffective for failing to conduct adequate investigation or to prepare an adequate alibi defense. On December 4, 2014, the state district court denied relief.[7] On December 22,

---

[3] State Rec., Vol. 1 of 6, Minute Entry, 12/12/11; State Rec. Vol. 5 of 6, Transcript of Sentencing.

[4] *State v. Earls*, 12-KA-448 (La. App. 5 Cir. 12/11/12), 106 So.3d 1149. State Rec., Vol. 2 of 6.

[5] *State v. Earls*, 2013-KH-0132 (La. 9/20/13), 122 So.3d 1012.

[6] State Rec., Vol. 2 of 6, Uniform Application for Post-Conviction Relief. Federal *habeas* courts must apply Louisiana's "mailbox rule" when determining the filing date of a Louisiana state court filing, and therefore such a document is considered "filed" as of the moment the prisoner "placed it in the prison mail system." *Causey v. Cain*, 450 F.3d 601, 607 (5th Cir. 2006). The post-conviction application made a part of the state court record is undated; however, it was stamped as filed in the state district court on September 15, 2014.

[7] State Rec., Vol. 2 of 6, State District Court Order denying post-conviction relief,

2014, Earls filed a notice of intent to seek writs and requested an extension of time in which to prepare and file the application. The state district court granted him until January 29, 2015, to file his writ application with the Louisiana Fifth Circuit. His related supervisory writ application was denied by the Louisiana Fifth Circuit Court of Appeal on February 12, 2015.[8] On March 12, 2015, he filed a counsel writ application with the Louisiana Supreme Court. That writ application was denied without additional stated reasons on August 28, 2015.[9]

On August 29, 2016, counsel on behalf of Earls filed his federal application for *habeas corpus* relief.[10] In his petition, Earls asserts the same three grounds for relief he raised on direct appeal. The State concedes that Earls has exhausted his remedies in the state courts, but argues that the federal application is untimely.[11]

**Analysis**

Initially, the Court must determine whether the petition is timely and whether the claims raised by the petitioner were adjudicated on the merits in state court; *i.e.*, the

---

12/4/14.

[8] State Rec., Vol. 2 of 6, *Earls v. State*, 15-KH-75 (La. App. 5 Cir. Feb. 12, 2015).

[9] *Earls v. State*, 2015-KP-0535 (La. 8/28/15), 176 So.3d 402. State Rec., Vol. 2 of 6.

[10] Rec. Doc. 1, Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus. "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." *Roberts v. Cockrell*, 319 F.3d 690, 691 n. 2 (5th Cir. 2003). The federal application bears no date, but was submitted to this Court for filing on August 29, 2016.

[11] Rec. Doc. 9, Response.

petitioner must have exhausted state-court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419–20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b),(c)). For the following reasons, the Court finds the petition to be untimely.

A. *Statute of Limitations*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, governs the filing date for this action because Earls filed his *habeas* petition after the AEDPA's effective date. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). The AEDPA generally requires that a petitioner bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes "final."[12] With regard to finality, the United States Fifth Circuit Court of Appeals has

---

[12] Title 28 U.S.C. § 2244(d) provides additional grounds, which do not apply here:

(1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

A. the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B. the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
C. the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D. the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

4

explained:

> The statute of limitations for bringing a federal habeas petition challenging a state conviction begins to run on "the date on which the [state] judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). When a habeas petitioner has pursued relief on direct appeal through his state's highest court, his conviction becomes final ninety days after the highest court's judgment is entered, upon the expiration of time for filing an application for writ of certiorari with the United States Supreme Court. *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir.2003). However, "[i]f the defendant stops the appeal process before that point," ... "the conviction becomes final when the time for seeking further direct review in the state court expires." *Id*. at 694; *see also Foreman v. Dretke*, 383 F.3d 336, 338 (5th Cir.2004) (Section 2244(d)(1)(A) gives alternative routes for finalizing a conviction: either direct review is completed or the time to pursue direct review expires).
>
> Although federal, not state, law determines when a judgment is final for federal habeas purposes, a necessary part of the finality inquiry is determining whether the petitioner is still able to seek further direct review. *See Foreman*, 383 F.3d at 338–39. As a result, this court looks to state law in determining how long a prisoner has to file a direct appeal. *See Causey v. Cain*, 450 F.3d 601, 606 (5th Cir.2006); *Roberts*, 319 F.3d at 693.

*Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008).

In this case, Earls's conviction became final, for federal limitations purposes, on December 19, 2013, ninety (90) days after the Louisiana Supreme Court denied his writ application, when he did not file a writ of certiorari with the United States Supreme Court. *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (time for filing for certiorari with the United States Supreme Court is included in the finality determination under 28 U.S.C. §2244(d)(1)(A)); U.S. Sup. Ct. Rule 13(1). Under a plain reading of the statute, he then had one year within which to file his federal *habeas* petition, or a deadline of December 19, 2014. He did not file his federal *habeas* petition with this Court until August 29, 2016. Thus, his

application must be dismissed as untimely, unless that deadline was extended through tolling.

B. *Statutory Tolling*

Regarding the statute of limitations, the AEDPA expressly provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). As previously stated, Earls's state conviction became final on December 19, 2013. He allowed 269 days of untolled time to elapse before filing his post-conviction application with the state district court on September 15, 2014. His applications remained properly filed and pending with the state courts and his time statutorily tolled until August 28, 2015, when the Louisiana Supreme Court denied his application for supervisory writs. Earls had only 96 days remaining of the one-year limitations period at this point, or until December 3, 2015, in which to file his federal application. The state-court record confirms he had no state court applications pending after August 28, 2015. Therefore, the remainder of the federal one-year limitations period began to run again and expired on December 3, 2015. Thus, despite the benefit of statutory tolling, his federal application was untimely filed on August 29, 2016.

C. *Equitable Tolling*

The United States Supreme Court has held that the AEDPA's statute of limitations is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). However, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his

rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 649 (internal quotation marks omitted). A petitioner bears the burden of proof to establish entitlement to equitable tolling. *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002).

Earls does not assert, much less prove, that any type of extraordinary circumstance prevented him from filing his federal application timely within the one-year limitations period. In fact, he offers no excuse for his failure to pursue timely *habeas* relief and the record discloses no basis on which this Court could find that equitable tolling is warranted.[13] It is well-settled that mistake, ignorance of the law, and a prisoner's *pro se* status do not suffice to justify equitable tolling. *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002); *Fierro v. Cockrell*, 294 F.3d 674, 682 (5th Cir. 2002); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000); s*ee also Tate v. Parker*, 439 F. App'x 375 (5th Cir. 2011) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling"); *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) ([E]quitable tolling "is not intended for those who sleep on their rights").

---

[13] He mistakenly notes in his federal application that the Louisiana Supreme Court ruled on Writ No. 15-KP-0535, denying relief on August 28, 201**6**. Rec. Doc. 1, p. 14. In fact, the writ application was denied by writ ruling issued on August 28, 201**5**. *Earls v. State*, 2015-KP-0535 (La. 8/28/15), 176 So.3d 402.

Furthermore, even if Earls were to contend the error was attributable to retained counsel, "a garden variety claim of excusable neglect, such as a simple miscalculation that leads a lawyer to miss a filing deadline does not warrant equitable tolling." *Holland*, 560 U.S. at 651–52 (internal quotation marks and citations omitted). Thus, even an argument for equitable tolling based on counsel's negligent errors or omissions would not help him under the circumstances. Thus, Earls fails to establish that an extraordinary circumstance existed or that he pursued his rights diligently so as to entitle him to the benefit of equitable tolling.[14]

In sum, the instant petition was filed after the federal limitations period expired. Earls has not established any basis for statutory or equitable tolling in this case. Therefore, his federal *habeas corpus* petition should be dismissed with prejudice as untimely.

---

[14] In *McQuiggin v. Perkins*, the United States Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass... [to excuse] the expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). The Supreme Court has cautioned, however, that "tenable actual-innocence gateway pleas are rare[.]" *Id*. To succeed on this claim, a petitioner must present a credible claim of actual innocence based on "new reliable evidence... that was not presented at trial," and he "must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt" in light of that new evidence of his factual innocence. *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995). On the record presented, Earls has not made a colorable showing that he is actually innocent in light of "new evidence."

**RECOMMENDATION**

**IT IS RECOMMENDED** that Earls's application for federal *habeas corpus* relief be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir.1996) (en banc).[15]

New Orleans, Louisiana, this   6th   day of _____ June _____, 2017.

_____
**MICHAEL B. NORTH**
**UNITED STATES MAGISTRATE JUDGE**

---

[15] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.